FILED IN CHAMBE
THOMAS W. THRAS
U. S. D. C. Atlan

APR 2 2010

JAMES N. HATTEN,
By /s/ Deр

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| JAYSON DEMARKO STEVENS,<br>Movant, | : | MOTION TO VACATE<br>28 U.S.C. § 2255 |
| v. | : | CRIMINAL INDICTMENT NO.<br>1:06-CR-0411-TWT-1 |
| UNITED STATES OF AMERICA,<br>Respondent. | : | CIVIL FILE NO.<br>1:09-CV-2691-TWT |

## ORDER and OPINION

Movant, Jayson Demarko Stevens, has filed this 28 U.S.C. § 2255 motion to vacate, set aside, or correct his federal convictions and sentences entered in this District under the above criminal docket number. The matter is before the Court on the § 2255 motion (Doc. No. 71) and Respondent's response (Doc. No. 73).

### I. Introductory Background

The grand jury in the Northern District of Georgia charged Movant with being a convicted felon who "did knowingly possess in and affecting interstate and foreign commerce, a firearm," in violation of 18 U.S.C. §§ 922(g) and 924(e). (Doc. Nos. 1, 38.) Movant pleaded not guilty and proceeded to trial represented by Vionnette Reyes Johnson. (Doc. Nos. 5, 6, 37.) The jury found Movant guilty. (Doc. No. 40.) On May 24, 2007, the Court sentenced Movant to a 235-month term of imprisonment.

(Doc. Nos. 49, 50.) Movant appealed, again represented by Ms. Reyes Johnson, arguing that the Court abused its discretion in admitting "extrinsic evidence of his prior convictions" and in denying "his motion for new trial based on a lack of credible evidence," and erred in denying "his motion for judgment of acquittal for failure to prove a substantial [e]ffect on interstate commerce." United States v. Stevens, 277 F. App'x 898, 899 (11th Cir. 2008). On May 13, 2008, the Eleventh Circuit Court of Appeals affirmed. Id. at 902. The United States Supreme Court denied certiorari on October 6, 2008. Stevens v. United States, _ U.S. _, 129 S. Ct. 305 (2008).

In his § 2255 motion, Movant presents the following seven grounds for relief: counsel performed ineffectively by (1) failing to challenge the absence of "the jurisdictional element of a substantial affect on interstate commerce," (2) failing to challenge the prosecutor's authority to obtain an indictment against him for crimes committed in the "sovereign state of Georgia," (3) failing to argue that he was actually innocent of being an armed career criminal and not subject to the armed career criminal sentencing enhancement, (4) failing to challenge the district court's jurisdiction to enhance his sentence based on prior convictions, (5) failing to argue that his prior convictions were double counted in the presentence report, (6) allowing the Court to sentence him without correctly determining his guidelines range, and (7)

2

the Eleventh Circuit Court of Appeals erred in affirming the district court's admitting his prior convictions at trial. (Doc. No. 71 at 5-6A.)

## II. <u>Legal Standard</u>

Section 2255 of Title 28 allows a district court to vacate, set aside, or correct a federal sentence that was imposed in violation of the Constitution or laws of the United States or was imposed by a court without jurisdiction, exceeds the maximum sentence authorized by law, or is otherwise subject to collateral attack. 28 U.S.C. § 2255. Ineffective assistance of counsel claims generally may be raised on collateral review in order to allow for adequate development and presentation of the facts pertinent to such a claim. <u>Massaro v. United States</u>, 538 U.S. 500, 505-09 (2003). The Court, however, will not consider all claims for § 2255 relief. "[O]nce a matter has been decided adversely to a defendant on direct appeal it cannot be re-litigated in a collateral attack under section 2255." <u>United States v. Nyhuis</u>, 211 F.3d 1340, 1343 (11th Cir. 2000) (citation omitted).

This Court will grant a hearing on a motion to vacate unless "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." <u>Fontaine v. United States</u>, 411 U.S. 213, 215 (1973) (quoting § 2255); <u>Downs-Morgan v. United States</u>, 765 F.2d 1534, 1536-37 (11th Cir. 1985). A hearing

3

is not warranted when movant's allegations in her motion, accepted as true, and the undisputed record facts fail to set forth a valid § 2255 claim. See Diaz v. United States, 930 F.2d 832, 834 (11th Cir. 1991); Downs-Morgan, 765 F.2d at 1537. Conclusory allegations, that "do not give details or . . . example[s]" of specific "testimony or statements" in support of a claim, do not require an evidentiary hearing. Lynn v. United States, 365 F.3d 1225, 1238-39 (11th Cir. 2004) (holding conclusory allegations in affidavit did not warrant an evidentiary hearing in § 2255 proceedings). Because, as indicated by the discussion below, "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," Fontaine, 411 U.S. at 215 (quoting § 2255), an evidentiary hearing is not warranted.

### III. Discussion

#### A. Counsel's Failure to Challenge the Court's Jurisdiction

##### 1. History

As indicated above, Movant was charged with being a convicted felon who "did knowingly possess in and affecting interstate and foreign commerce, a firearm." (Doc. No. 38.) Prior to trial, counsel objected to the government's use of a witness to opine that the gun at issue had traveled in interstate commerce. (Doc. No. 33; Doc. No. 60 at 6.) The Court overruled that objection. (Doc. No. 60 at 8.) After trial, counsel

4

moved for a judgment of acquittal based on, among other things, the government's failure to present "evidence concerning a substantial effect on interstate commerce." (Doc. No. 45 at 4.) The court denied that motion. (Doc. No. 49.) On appeal, Movant argued that the Court erred in denying "his motion for judgment of acquittal for failure to prove a substantial affect on interstate commerce." Stevens, 277 F. App'x at 899. The Eleventh Circuit held:

> Section 922(g)(1) requires the government prove the firearm was in or affected interstate commerce. . . . The Government met its burden of proving the firearm was in or affected interstate commerce, as it demonstrated the requisite minimal nexus by showing that [Movant] possessed the gun in Georgia, and the gun was manufactured in Israel. As such, the district court did not err by denying [Movant's] motion for judgment of acquittal because [Movant] failed to demonstrate a reasonable trier of fact could not conclude the evidence established his guilt beyond a reasonable doubt.

Id.

### 2. Parties' Arguments

Movant asserts that counsel performed ineffectively by failing to challenge the absence of "the jurisdictional element of a substantial affect on interstate commerce" and the federal government's lack of "exclusive jurisdiction" for a crime committed in the state of Georgia. (Doc. No. 71 at 5.) The government argues that this ground

5

AO 72A
(Rev.8/82)

fails because Movant's counsel challenged the interstate-commerce element at trial and on appeal. (Doc. No. 73 at 10.)

### 3. Law and Disposition

A criminal defendant possesses a Sixth Amendment right to "reasonably effective" legal assistance. Strickland v. Washington, 466 U.S. 668, 687 (1984). To show constitutionally ineffective assistance of counsel, a petitioner must establish that (1) counsel's representation was deficient and (2) counsel's deficient representation prejudiced him. Strickland, 466 U.S. at 690-92. This Court may resolve an ineffective-assistance-of-counsel claim based on either of the above prongs. Atkins v. Singletary, 965 F.2d 952, 958-59 (11th Cir. 1992). Under the first prong, a petitioner must show that "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690. Under the second prong, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The habeas petitioner has the burden of affirmatively proving prejudice, and a "conceivable effect" on the proceedings does not show prejudice. Gilreath v. Head, 234 F.3d 547, 551 (11th Cir.

6

2000). "The standards applicable to [a petitioner's] claims of ineffectiveness against trial counsel apply equally to the charges leveled against his appellate lawyer. To prevail, [a petitioner] must demonstrate both that his appellate counsel's performance fell below reasonable professional standards and that he was prejudiced by his attorney's substandard performance." Johnson v. Alabama, 256 F.3d 1156, 1187 (11th Cir. 2001) (citation omitted). Absent a showing "regarding the effect, if any, that a different [appellate] brief would have had on the outcome of proceedings," under Strickland, there is no ineffective assistance of appellate counsel. Johnson, 256 F.3d at 1188.

Congress has made it unlawful for any person "who has been convicted in any court of[] a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm . . . ." 18 U.S.C. § 922(g)(1). Further, as "long as the weapon in question had a 'minimal nexus' to interstate commerce, § 922(g)(1) is constitutional and the district court has jurisdiction." United States v. Reynolds, 215 F.3d 1210, 1215 (11th Cir. 2000).

Here, counsel contested the interstate commerce issue both before and after trial. Any additional challenge to the Court's jurisdiction would have failed because

7

the government "demonstrated the requisite minimal nexus." Stephens, 277 F. App'x at 902. See also Reynolds, 215 F.3d at 1215. Movant fails to show any prejudice based on his counsel's failure, at trial or on appeal, to raise any additional challenge to the Court's jurisdiction, and this ground fails.

### B.   Counsel's Failure to Challenge Prosecutor's Authority

Movant argues that counsel performed ineffectively by failing to challenge the prosecutor's authority to obtain an indictment against him for crimes committed in the "sovereign state of Georgia." (Doc. No. 71 at 5.) The government states that this ground fails as being nonsensical and unsupported by any authority. (Doc. No. 73 at 10-11.)

The Strickland standard discussed above applies. Any challenge by counsel, at trial or on appeal, would have failed because the federal government has authority to enact legislation regulating commerce with foreign nations and among the states, including Georgia, U.S. Const. art. I, § 8; and § 922(g)(1) comports with the federal government's authority under the constitution. Reynolds, 215 F.3d at 1215 (stating, "We have held that as long as the weapon in question had a 'minimal nexus' to interstate commerce, § 922(g)(1) is constitutional"). Accordingly, this ground also fails because Movant does not show any prejudice.

8

### C. Counsel's Failure to Argue that Movant is Actually Innocent of Being an Armed Career Criminal

#### 1. History

The Presentence Investigation Report ("PSI") states that Movant's adult criminal history includes a (1) 1998 conviction for possessing cocaine with intent to distribute, Fulton County Superior Court docket number Y0003; (2) a 2001 conviction for aggravated assault with a deadly weapon and possession of a firearm during the commission of a felony, Fulton County Superior Court docket number Y24080; (3) a 2001 conviction for possessing cocaine and marijuana with intent to distribute, Fulton County Superior Court docket number 00SC12943; and (4) a 2005 conviction for possession of marijuana with intent to distribute, Fulton County Superior Court docket number 05SC31350. (PSI at 5-7.) Movant was classified as an armed career criminal (with an offense level of thirty-three) based on that criminal history. (Doc. No. 57 at 17.) With an offense level of thirty-three and a criminal history category of six, Movant's sentencing range was 235-293 months. (Id.) The Court sentenced Movant at the low end, to a 235-month term of imprisonment. (Id. at 30.)

### 2. Parties' Arguments

Movant contends that counsel performed ineffectively by failing to argue that he was actually innocent of being an armed career criminal and, thus, was not subject to the armed career criminal enhancement. (Doc. No. 71 at 5.) Movant asserts that he "does not have three serious drug offenses nor three violent offenses." (Id. at 5-6.) The government argues that this ground fails because, in light of Movant's three prior convictions for serious drug offenses and a crime of violence, any such argument by counsel would have failed. (Doc. No. 73 at 11.)

### 3. Disposition

Movant fails to show prejudice under the Strickland standard. As shown in the discussion below regarding the Court's jurisdiction to enhance Movant's sentence, Movant qualifies as an armed career criminal under § 924(e)(1) (requiring statutory mandatory minimum sentence for a "person who violates section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense") and U.S.S.G. § 4B1.4(b)(3)(B). Movant presents nothing specific that counsel should have argued in regard to his prior convictions and fails to show how different actions by counsel could have changed the outcome. There is no reasonable probability that the outcome would have been any different if counsel, at trial or on appeal, had

offered an unsupported and unexplained argument that Movant was innocent of being an armed career criminal  Absent any showing of prejudice, this ground fails.

D. **Counsel's Failure to Challenge the Court's Jurisdiction to Enhance Sentence**

1. **History**

Movant received notice in the PSI of his prior convictions that would be used to classify him as an armed career criminal. (PSI at 5-7.) Prior to sentencing, Movant was provided with the opportunity to challenge those convictions, but did not. (See id. at 14.)

2. **Parties' Arguments**

Movant now asserts that counsel performed ineffectively by failing to challenge the district court's jurisdiction to enhance his sentence based on prior convictions, when (1) the government had failed to provide notice before trial that he would be considered an armed career criminal for sentencing purposes[1] and (2) § 922(g)

---

[1] Movant may be thinking of the notice required by 21 U.S.C. § 851(a)(1) (requiring United States Attorney to provide pre-trial notice of prior convictions before a person convicted for a drug offense under Title 21 can receive an enhanced sentence based on those prior convictions). Movant, however, was not convicted under Title 21, and § 851(a)(1) does not apply. See Feliciano v. United States, No. 01-00090-HG, 2006 WL 2882659 (D. Hi. 2006) (stating, "notice requirements of 21 U.S.C. § 851(a)(1) apply only when the government seeks to obtain the increased

11

provided for a maximum sentence of only ten years. (Doc. No. 71 at 6.) The government argues that this ground fails because notice is not required, the government provided notice in the indictment, and any challenge by counsel would have failed. (Doc. No. 73 at 11-12.)

### 3. <u>Law and Disposition</u>

The <u>Strickland</u> standard again applies. Whoever knowingly violates § 922(g)'s prohibitions on the possession of a firearm generally is subject to a term of imprisonment of not more than ten years. 18 U.S.C. § 924(a)(2). However, under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), the statutory mandatory minimum sentence is fifteen years of imprisonment "for anyone who violates 18 U.S.C. § 922(g) after three convictions for a violent felony or a serious drug offense." <u>United States v. Greer</u>, 440 F.3d 1267, 1269 (11th Cir. 2006). The United States Sentencing Guidelines further provide that a § 924(e) armed career criminal may be assigned an offense level of thirty-three. U.S.S.G. § 4B1.4(b)(3)(B).

---

statutory penalties provided in 21 U.S.C. §§ 841-858 based upon certain qualifying prior convictions. . . . Because [the defendant] pled guilty to offenses under Title 18, Section 851(a)(1) does not apply").

12

Section 924(e) does not require government action and a "sentence enhancement pursuant to § 924(e) should automatically be applied by the courts regardless of whether the Government affirmatively seeks such enhancement." United States v. Cobia, 41 F.3d 1473, 1475 (11th Cir. 1995). However, "due process requires reasonable notice of and opportunity to be heard concerning the prior convictions." Id. at 1476. Due process is satisfied when notice of "the prior convictions to be used for enhancement purposes" provides the defendant with sufficient time and "opportunity to challenge the validity and applicability of these convictions at the sentencing hearing." Id.; United States v. Bates, 77 F.3d 1101, 1105 (8th Cir. 1996) (holding that due process was satisfied when "[t]wo of the three convictions relied upon to enhance [the defendant's] sentence were proven at trial. The other was fully set out in the presentence investigation report, leaving [the defendant] with ample opportunity to investigate his earlier convictions and to challenge the requirements of § 924(e)(1).").

Movant fails to show prejudice under the Strickland standard. Although a violation of § 922(g) generally is punishable by a sentence of ten years or less, congress requires a sentence of no less than fifteen years for a defendant who qualifies as an armed career criminal. Movant qualifies as an armed career criminal, and he

13

provides nothing that brings into question his qualifying convictions. Further, any argument by counsel that lack of notice deprived the Court of authority to enhance his sentence under § 924(e) would have failed because Movant did receive notice and did have an opportunity to challenge the use of those convictions under § 924(e). Absent any showing of prejudice, this ground also fails.

### E. Counsel's Failure to Argue that Prior Convictions were Double Counted

Movant argues that counsel performed ineffectively by failing to argue that his prior convictions were double counted in the presentence report. (Doc. No. 71 at 6A.) The government responds that this ground fails because Movant does not show which convictions were double counted or in what way. (Doc. No. 73 at 12.)

Movant fails to show prejudice under the Strickland standard. Movant presents nothing specific that counsel should or could have argued or presented in regard to his prior convictions and fails to show how different action by counsel could have changed the outcome. There is no reasonable probability that the outcome would have been any different if counsel had offered an unsupported and unexplained argument that his "prior convictions were double counted in the presentence report." Further, it is noted that there is no "double-counting" in using a state conviction both to

14

convict under § 922(g) and to enhance punishment under § 924(e)(1). United States v. Wallace, 889 F.2d 580, 584 (5th Cir. 1989) (stating, "[c]onsideration of the same felony to convict under section 922(g) and to enhance punishment under section 924(e)(1) is neither a double prosecution nor a double punishment.") See also Bates, 77 F.3d at 1106 (agreeing with Wallace); Cobia, 41 F.3d at 1475 (stating, "§ 924(e) is merely a sentence enhancement provision"). Accordingly, this ground fails.

### F. Counsel's Allowing Court to Incorrectly Determine the Guidelines Range

Movant was subject to a statutory penalty of fifteen years to life. (PSI at 1.) Before sentencing, counsel objected to the guidelines range of 235 to 293 months and asserted that Movant's offense level should have been thirty and his guidelines range 188 to 235 months. (PSI, May 14, 2007, letter.) Movant's counsel further argued that the Court should impose a 180-month sentence, below the guidelines range. (Doc. No. 48; Doc. No. 57 at 18-20.) As indicated earlier, the Court imposed a 235-month term of imprisonment. (Doc. No. 57 at 30.)

Movant now contends that counsel performed ineffectively in allowing the Court to (1) sentence him without correctly determining his guidelines range in light

15

of "Gall v. U.S."[2] and (2) sentence him outside the statutory maximum and guidelines range. (Doc. No. 71 at 6A.) The government argues that this ground fails because Movant's sentence was at the low-end of the guidelines range and any challenge would not have changed the outcome. (Doc. No. 73 at 12-13.)

Movant again fails to show prejudice under the Strickland standard. Movant was not sentenced outside the statutory maximum of life imprisonment and was sentenced at the low end of the guidelines range. Any argument by counsel that his sentence exceeded the statutory maximum and/or was outside the guidelines range would have failed. Further, Movant presents nothing specific that counsel should or could have argued differently in regard to his guidelines range. Accordingly, Movant fails to show, with any reasonable probability, that different action by counsel would have changed the outcome. This ground also fails.

### G. Eleventh Circuit Error

Movant argues that the Eleventh Circuit Court of Appeals erred in affirming the district court's admitting his prior convictions at trial. (Doc. No. 71 at 6A.) The government responds that this ground fails because the district court's decision and

---

[2] In Gall v. United States, 552 U.S. 38, 59-60 (2007), the United States Supreme Court held that an abuse of discretion standard applies to review of the district court's sentencing decision.

16

Eleventh Circuit's affirmance followed prevailing Supreme Court and Eleventh Circuit law. (Doc. No. 73 at 13.)

The Eleventh Circuit's decision on this issue "cannot be re-litigated in a collateral attack under section 2255," Nyhuis, 211 F.3d at 1343, and this ground fails.

## IV. Certificate of Appealability ("COA")

Pursuant to Rule 11 of the Rules Governing § 2255 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.... If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Section 2253(c)(2) of Title 28 states that a certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." A substantial showing of the denial of a constitutional right "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (internal quotations omitted).

In accord with the discussion above, the Court finds nothing that warrants any "encouragement to proceed further." Id. A COA shall not be granted.

V. **Conclusion**

For the reasons stated above,

**IT IS ORDERED** that Movant's motion (Doc. No. 71) to vacate, set aside, or correct his federal sentence is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS SO ORDERED** this 1 day of April, 2010.

*/s/ Thomas W. Thrash*
THOMAS W. THRASH, JR.
UNITED STATES DISTRICT JUDGE

18